ASH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mohammad Rahim Karimzai,

Petitioner,

v.

David R. Rivas, et al.,

Respondents.

No. CV-26-01367-PHX-SPL (JFM)

**ORDER**

Petitioner filed this action under § 2241 challenging his immigration detention. (Doc. 1). On February 27, 2026, the Court issued an Order to Show Cause (OSC) why the Petition should not be granted. (Doc. 3). Upon review of the Response and the subsequent filings by Petitioner (Docs. 6, 8, 9, 12, 14), the Court will direct Respondents to file a status update as to the basis for Petitioner's current detention.

Petitioner is a native of Afghanistan who previously worked alongside United States forces in that country. (Doc. 1 at 19, 45). On February 25, 2025, Petitioner entered the United States seeking asylum, and was taken into custody shortly thereafter. (Doc. 1 at 5). Petitioner expressed fear of returning to Afghanistan, and was referred for an assessment pursuant to the Convention Against Torture (CAT). (Doc. 6-1 at 2). On March 16, 2025, DHS concluded that Petitioner was not entitled to CAT relief; Petitioner asserts that the CAT assessment was "unfairly denied." (*Id.*; Doc. 1 at 5). On September 12, 2025, ICE Enforcement and Removal Operations (ERO) "submitted an Afghan Transportation Letter required for travel to the U.S. Embassy in Doha, Qatar for delivery to the Afghan Embassy"; as of the date of this Order ERO is still "awaiting a response from the Afghan

government." (Doc. 6-1 at 2). On March 2, 2026, Petitioner was "referred to USCIS for a credible fear interview." (*Id.*). Petitioner indicates that this interview was conducted on or about March 19, 2026, was apparently denied, and that "a final removal order was maintained." (Doc. 8 at 2). Petitioner further states that at the time of the interview he "was suff[e]ring from serious medical and psychological instability,"[1] and that as a result he "was not medically and psychologically stable for an interview." (*Id.*). A "Detainee and ICE Communications Form" indicates that Petitioner "ha[s] a Final Order of Removal Since [May 15, 2025]." (Doc. 12 at 4).

As such, the basis for Petitioner's current detention is unclear. Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates his detention while his immigration proceedings are ongoing. However, if Petitioner has a final order of removal, his detention would be governed not by § 1225(b)(1)(B)(ii), but by 8 U.S.C. § 1231, which only mandates detention for 90 days once a removal order becomes final. Accordingly, the Court will direct Respondents to file a status update within three (3) days as to Petitioner's current detention status.

**IT IS ORDERED** that within three (3) days of the date of this Order, Respondents must file a statue report detailing the current basis for Petitioner's detention.

Dated this 4th day of September, 2026.

Honorable Steven P. Logan
United States District Judge

---

[1] Petitioner provides voluminous evidence (Doc. 1-1 through 1-5) that he suffered a stroke while detained, required brain surgery, was hospitalized for at least a month, and has had extensive complications in the months since.